# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL JERRY GONZALES, an individual,

        Plaintiff,

        v.

HARRAH'S OPERATING COMPANY, INC., A Nevada Corporation dba RIO HOTELS & CASINOS; DOE ENTITIES I-X inclusive; and ROE CORPORATIONS I-X inclusive,

        Defendants.

3:13-cv-230-RCJ-WGC

**ORDER**

Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to FRCP 12(b)(6) (#9).

## BACKGROUND

On May 3, 2013, *pro se* Plaintiff Michael Jerry Gonzales filed an application to proceed *in forma pauperis* with this Court and attached a copy of his complaint. (Mot. for IFP (#1); Compl. (#1-1)). On May 8, 2013, Magistrate Judge William Cobb granted Plaintiff's request to proceed *in forma pauperis* and filed the complaint. (Order (#3); Compl. (#4)).

In the complaint, Plaintiff sued Defendant Harrah's Operating Company, Inc. dba Rio Hotels & Casinos. (Compl. (#4) at 1). The complaint alleged the following. Plaintiff had been an employee of Defendant for over ten years in the capacity as stage crew technician and the only non-Caucasian member of the crew during his employment. (*Id.* at 2). Plaintiff was "Native American (Apache) and Hispanic of Spanish national descent." (*Id.*). Plaintiff alleged that Defendant had discriminated against him by subjecting him to harassment based on national origin, cultural affiliation, race, age, and disability. (*Id.*). Plaintiff was 63 years old.

(*Id.* at 5). Plaintiff asserted that he had filed charges with the Equal Employment Opportunity Commission ("EEOC") and had received his right to sue letter on February 4, 2013. (*Id.* at 3). Plaintiff asserted that his lawsuit had been filed within 90 days of the receipt of the right to sue letter. (*Id.* at 4). Plaintiff worked for Defendant from May 2000 through October 2010. (*Id.* at 5, 15).

In his complaint, Plaintiff detailed differing treatment between himself and the rest of the stage tech crew, being assigned to the lowest shifts, being subjected to unwarranted reprimands, being refused training classes necessary for advancement and raises, reporting misconduct to the human resources department, receiving a medical accommodation for an injury, and his supervisor's refusal to acknowledge the accommodation. (*Id.* at 6-11). In May 2010, Plaintiff went on vacation for a week. (*Id.* at 11). In his absence, other crew members filled in for him with one of the entertainers. (*Id.*). That entertainer complained to a supervisor about the quality of work by the other crew members. (*Id.* at 12). As a result, Plaintiff's supervisor told Plaintiff that he was making the rest of the crew look bad. (*Id.*). After that, Plaintiff's health began to deteriorate due to panic attacks and stress after he had told his co-workers about his supervisor's comments. (*Id.*). After Plaintiff had told some of his co-workers that he had met with an attorney, Plaintiff's crew members started to call him names when he passed by–"Lazy f***ing Mexican, beaner, slacker, chief, wet back." (*Id.*). Plaintiff's supervisor continued to call Plaintiff into his office several times a week regarding alleged complaints made by crew members about Plaintiff. (*Id.*).

In his complaint, Plaintiff detailed the context of one of his supervisor's statements of "What do you expect to happen when a black man moves into the neighborhood?" (*Id.* at 12-13). On July 21, 2010, Plaintiff reported the comment to his department supervisor. (*Id.* at 13). Two days later, Plaintiff was confronted by all three of his supervisors and was told to "lighten up, have a sense a humor" and asked to apologize to the supervisor he had reported. (*Id.*). Plaintiff refused to apologize. (*Id.*). Three days later, one of the supervisors told Plaintiff that the supervisor Plaintiff had reported had been reprimanded. (*Id.*). On July 28, 2010, one of Plaintiff's supervisors removed Plaintiff from the position that he had been praised for by

the entertainer. (*Id.*). Plaintiff's co-workers engaged in racial slurs around him, vandalized photographs of him, and stopped talking when he was in the room. (*Id.* at 14). Plaintiff reported the behavior to one of his supervisors but nothing was done. (*Id.*). At the end of August 2010, Plaintiff sought medical attention for his panic attacks due to the hostile work environment. (*Id.* at 14-15). Plaintiff's stress caused his diabetes to spiral, which affected his vision. (*Id.* at 15). Plaintiff was forced to take two medical leaves of absence and returned to work a month after filing EEOC charges. (*Id.*). When he returned to work, his supervisors and co-workers' attitudes made him so uncomfortable and fearful that he took a second medical leave which expired at the end of October. (*Id.*). Plaintiff was told that any continued absence from work would be construed as his resignation. (*Id.*).

Plaintiff does not specifically enumerate his causes of action in the complaint. However, he appears to be stating five causes of action for: (1) Title VII national origin and race discrimination; (2) Title VII retaliation; (3) discrimination under the American with Disabilities Act ("ADA"); (4) age discrimination under the Age Discrimination in Employment Act ("ADEA"); and (5) violation of NRS § 613.330 *et seq.* (*See id.* 2, 15-18).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

1  Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant
2  is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,
3  249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does
4  not need detailed factual allegations; rather, it must plead "enough facts to state a claim to
5  relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022
6  (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,
7  1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,
8  173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads
9  factual content that allows the court to draw the reasonable inference that the defendant is
10 liable for the misconduct alleged"). Even though a complaint does not need "detailed factual
11 allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be
12 enough to raise a right to relief above the speculative level . . . on the assumption that all the
13 allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127
14 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
15 elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor
16 does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual
17 enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

## DISCUSSION

19 Defendant files a motion to dismiss all claims with prejudice. (Mot. to Dismiss (#9) at 1).
20 Defendant argues that Plaintiff's Title VII and ADA claims must be dismissed with prejudice
21 because Plaintiff failed to file his suit within the 90-day period. (*Id.* at 2). Defendant asserts
22 that the right to sue letter was mailed on January 23, 2013, and, as such, the presumption is
23 that Plaintiff received the letter on January 26, 2013. (*Id.* at 3). Defendant asserts that, under
24 that presumption, the 90-day period expired on April 26, 2013. (*Id.*). Defendant asserts that
25 Plaintiff's ADEA claim must be dismissed with prejudice for failure to file a charge of age
26 discrimination with the EEOC. (*Id.* at 4). Defendant contends that Plaintiff's claim of
27 discrimination in violation of NRS § 613.330 must be dismissed with prejudice for failure to
28 exhaust administrative remedies. (*Id.*). Defendant asserts that Plaintiff never filed a charge

4

with the Nevada Equal Rights Commission ("NERC") as required by statute. (*Id.*).

In support of the motion to dismiss, Defendant attached a copy of Plaintiff's charge of discrimination to the EEOC and California Department of Fair Employment & Housing. (Charge of Discrimination (#9-2) at 4). The charge of discrimination alleged discrimination based on race, national origin, retaliation, and disability and was signed by Plaintiff on September 20, 2010. (*Id.*). Defendant also attached a copy of the EEOC's Notice of Right to Sue letter. (Right to Sue Ltr (#9-2) at 2). The right to sue letter stated that Plaintiff had to file his Title VII, ADA, or Genetic Information Nondiscrimination Act ("GINA") lawsuit in federal or state court within 90 days of his receipt of the notice. (*Id.*). The right to sue letter stated that the letter had been mailed to Plaintiff on January 23, 2013. (*Id.*).

In response, Plaintiff states that he received his right to sue letter by regular mail at home on February 4, 2013 and "offers the possibility that inclement weather (i.e., snowstorms which are normal in the South Lake Tahoe Basin in January, as is irregular mail delivery during the winter season), may be a contributing factor in the receipt and/or delivery of the Notice of Right to Sue." (Resp. to Mot. to Dismiss (#12) at 2). Plaintiff asserts that, based on that receipt date, his complaint had to be filed by May 6, 2013. (*Id.*).

In reply, Defendant asserts that Plaintiff has failed to rebut the three-day presumption because a general claim of occasional delay is insufficient to prove that a particular letter was not delivered on time. (Reply to Mot. to Dismiss (#13) at 3). Defendant asserts that Plaintiff consented to the dismissal of his ADEA claim and his NRS § 613.330 claim because he failed to offer any opposition to Defendant's arguments. (*Id.* at 4).

I.   **Title VII and ADA Claims**

"Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform [him] that [he] has ninety days to bring a civil action." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)); *see* 42 U.S.C. § 12117(a) (stating that ADA discrimination claims follow the same powers, remedies, and procedures as Title VII claims). The Ninth Circuit has held that "[t]he requirement for filing a Title VII civil action within 90 days from the date [the] EEOC

dismisses a claim constitutes a statute of limitations." *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). "If claimant fails to file within [the] 90-day period, the action is barred accordingly." *Id*. at 267.

The Ninth Circuit states that when the date of actual receipt is unknown, the Court estimates that date based on the date of the EEOC disposition and issuance of notice with some compensation for mailing time. *Payan*, 495 F.3d at 1122. The Ninth Circuit uses a three-day presumption and presumes that a plaintiff receives a right to sue letter three days after the EEOC issued the letter. *Id*. at 1125. However, the presumption that a plaintiff received the right to sue letter within a three-day period is rebuttable. *Id*. at 1126.

"In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period." *Id*. The Ninth Circuit has held that

> general claims that mail is sometimes delayed will not be sufficient to rebut the presumption. We have all experienced mail delays on occasion; but a general claim of occasional delay is not sufficient to prove that a particular letter was not delivered on time. Rather, to rebut a mailing presumption, the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course.

*Id*.

In this case, Plaintiff's right to sue letter states that the EEOC mailed the letter on January 23, 2013. (Right to Sue Ltr (#9-2) at 2). Under the three-day presumption, the Court presumes that Plaintiff received the right to sue letter on January 26, 2013. Under that presumption, Plaintiff had to file his lawsuit no later than April 26, 2013. Plaintiff filed his complaint on May 3, 2013.[1] This period is outside of the 90-day statute of limitations.

Plaintiff asserts that he received the right to sue letter on February 4, 2013, which would make his filing timely and within the 90-day filing period. However, pursuant to Ninth Circuit law, Plaintiff must provide evidence suggesting that the receipt was delayed beyond January

---

[1] The Court finds that May 3, 2013 is the date that Plaintiff filed his complaint because he filed his motion to proceed *in forma pauperis* on this date along with his complaint. *See Turner v. Power Servs.*, 2:11-CV-00190-PMP, 2012 WL 1574849, *4 (D. Nev. May 3, 2012) (discussing how a complaint is considered filed when delivered to the clerk of court along with an application to proceed *in forma pauperis*).

6

26, 2013. In support of the delay, Plaintiff speaks generally of the weather and irregular mail delivery during the winter months. (*See* Resp. to Mot. to Dismiss (#12) at 2). The Ninth Circuit has specifically held that this general claim is insufficient to rebut the three-day presumption. *See Payan*, 495 F.3d at 1126.

This Court gives Plaintiff another opportunity to present evidence to rebut the three-day presumption and demonstrate to the Court that he received his right to sue letter on February 4, 2013 as he alleges. The Court notes that Plaintiff may present evidence in the form of affidavits from himself and/or others who know when he received his right to sue letter. Plaintiff may also present the envelope that his right to sue letter came in. Plaintiff has 30 days from the date of this order to file a supplemental motion providing evidence that he received his right to sue letter on February 4, 2013. Defendant may file a response and Plaintiff may file a reply in accordance with the local rules.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's Title VII and ADA claims at this time. However, if Plaintiff fails to rebut the three-day presumption with sufficient evidence, this Court will grant Defendant's motion to dismiss these claims with prejudice because they would be time-barred.

## II. ADEA Claim

Pursuant to 29 U.S.C. § 626, "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). Such charge must be filed within 180 days after the alleged unlawful practice occurred or "in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." *Id*. § 626(d)(1)(A)-(B).

In this case, Plaintiff did not file an age discrimination charge with the EEOC. (*See* Charge of Discrimination (#9-2) at 4). Because the latest date that the alleged unlawful discrimination could have occurred was upon Plaintiff's termination–October 2010–Plaintiff cannot remedy this defect because more than 300 days has passed. As such, the Court

7

grants Defendant's motion to dismiss Plaintiff's ADEA claim with prejudice.

### III.     NRS § 613.330 Claim

Nevada Revised Statute § 613.330 provides that it is an unlawful employment practice to engage in discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity or expression, age, disability, or national origin. Nev. Rev. Stat. § 613.330. Pursuant to NRS § 613.405, "[a]ny person injured by an unlawful employment practice within the scope of NRS 613.310 to 613.435, inclusive, may file a complaint to that effect with [NERC] if the complaint is based on discrimination because of race, color, sex, sexual orientation, gender identity or expression, age, disability, religion or national origin." Nev. Rev. Stat. § 613.405. Pursuant to NRS § 613.420, if NERC "does not conclude that an unfair employment practice within the scope of NRS 613.310 to 613.435, inclusive, has occurred, any person alleging such a practice may apply to the district court for an order granting or restoring to that person the rights to which the person is entitled under those sections." Nev. Rev. Stat. § 613.420. However, no action authorized by NRS § 613.420 may be brought more than 180 days after the date of the act complained of. Nev. Rev. Stat. § 613.430.

The Nevada Supreme Court has held that "the legislature intended that claims involving employment discrimination were to be administratively exhausted prior to seeking redress in the district courts." *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990). The Nevada Supreme Court has held that "an employee who brings unrelated claims in the district court without first presenting them to NERC has failed to exhaust her administrative remedies." *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

In this case, Plaintiff did not file any discrimination claims with NERC. Moreover, 180 days have passed since Plaintiff's termination. Accordingly, Plaintiff has failed to exhaust his administrative remedies under this state law cause of action. The Court grants Defendant's motion to dismiss Plaintiff's claim for violations of NRS § 613.330 with prejudice.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to FRCP 12(b)(6) (#9) is GRANTED in part and

DENIED in part.  The Court GRANTS the motion to dismiss the ADEA claim and the NRS § 613.330 claim with prejudice for failure to exhaust administrative remedies.  The Court DENIES the motion to dismiss Plaintiff's Title VII and ADA claims for the time being and provides Plaintiff with an opportunity to provide evidence to rebut the three-day presumption as discussed above.

　　　　IT IS FURTHER ORDERED that Plaintiff shall file a supplemental motion within 30 days of this order providing evidence, as discussed above, that he received his right to sue letter on February 4, 2013.  Defendant may file a response and Plaintiff may file a reply in accordance with the local rules.

　Dated this 4th day of December, 2013.

_____
United States District Judge