UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL JERRY GONZALES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARRAH'S OPERATING CO., INC., )<br>)<br>Defendant. )<br>) | 3:13-cv-00230-RCJ-WGC<br><br>**ORDER** |

Plaintiff sued Defendant *in pro se* in this Court, bringing claims the Court has perceived as: (1) Title VII violations based on race and national origin discrimination; (2) retaliation under Title VII; (3) discrimination under the ADA; (4) discrimination under the ADEA; and (5) violations of equivalent state statutes, Nev. Rev. Stat. § 613.330 *et seq.* The Court dismissed the ADEA and state law claims for failure to exhaust administrative remedies. The Court did not address the remaining Title VII and ADA claims on the merits, because Defendant's motion was based purely on a failure to file suit within ninety days of receiving the Right-to-Sue Letter (the "RTS"). The Court noted that the RTS was dated (Wednesday) January 23, 2013, and that ninety days plus the presumptive three-day mailing time under Circuit law resulted in April 26, 2013 being the last day to file suit, but Plaintiff had filed suit on May 3, 2013. The Court

rejected Plaintiff's claim that he received the RTS on February 4, 2013 but gave him thirty days to provide evidence to rebut the three-day presumption.

Based on the presumption that the RTS was mailed on the date it was authored, Wednesday, January 23, 2013, the presumptive date of delivery was Saturday, January 26, 2013, making the presumptive deadline to file an action April 26, 2013.  Plaintiff has filed a Supplemental Affidavit ("SA") in which Erika Gonzales attests that at the relevant time, she lived at 2205 Royal Avenue, South Lake Tahoe, CA 96150, and that mail to that location is sometimes interrupted by inclement weather. (*See* Gonzales Aff. ¶ 4, ECF No. 15).  The postmark on the envelope addressed to Plaintiff from the San Francisco District Office of the EEOC and containing the RTS was January 24, 2013. (*See id.* ¶ 5; Envelope, ECF No. 15, at 6). That is enough to adjust the presumptive date of delivery to Monday, January 28, 2013, making presumptive deadline to file an action Monday, April 29, 2013 (the 28th being a Sunday).[1] Gonzales next notes that January 21, 2013 was a legal holiday, (*see* Gonzales Aff. ¶ 6), but that is of no import, because the RTS was not mailed until the 24th.  She next attests that at least seven inches of snow fell at lake level in South Lake Tahoe on January 25, 27, 28, and 29, and that eighty-eight inches of snow had fallen that year before the RTS was mailed. (*See id.* ¶ 7). The historical snowfall report attached to the affidavit indicates that no snow fell between January 13 and 24, 2013, that one inch fell on the 25th, another inch fell on the 27th, four inches fell on the 28th, and one inch fell on the 29th, with no more snow until February 8, after the RTS was delivered. (*See* Report, ECF No. 15, at 8).  Assuming the roads had been cleared between January 13 and 24, and that none of the new snow melted between January 25 and 29, there was

---

1 Incidentally, the U.S. Postal Service online calculator indicates that the expected delivery date of a first class letter sent on a Thursday from the EEOC's San Francisco address to Plaintiff's previous South Lake Tahoe address is the following Saturday, i.e., two days, even if mailed after 5:00 p.m.

therefore approximately six inches of accumulation on the presumptive day of delivery, January 28, 2013, with another inch falling the following day. But February 4, 2013 was five mail days beyond that date. It is difficult to credit a claim that seven inches of snowfall in a region where snowfall is commonplace could cause a mail delay of five days, and Gonzales does not in fact attest to any mail stoppage during that period, only that there was snowfall. She attests that she retrieved the RTS from her mailbox on February 4, 2013, but she does not attest that she checked her mailbox on or before February 3, 2013, and that the RTS was not in the box. (*See id.* ¶ 8).

## CONCLUSION

IT IS HEREBY ORDERED that the remaining claims are DISMISSED and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 20th day of January, 2015.

_____
ROBERT C. JONES
United States District Judge